UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMELA MILLER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-1167** |
| **MARLIN GUSMAN, ET AL** | **SECTION: "A" (4)** |

### ORDER

Before the Court is **Motion to Compel Discovery Responses (R. Doc. 36)** filed by Plaintiffs Rodney Miller and Ronnie Miller seeking an order from the Court to compel responses to their requests for production of documents from the Defendants. The motion was not opposed. The motion was submitted on October 26, 2016. For the following reasons, the Motion to Compel is **GRANTED.**

### I.     Background

This action was filed in the District Court on February 8, 2016 by Pamela Miller and Rodney Williams, Sr. asserting federal claims against the Defendants—including Sheriff Marlin Gusman and others connected to the Orleans Parish Sherriff's Office ("OPSO")—under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 as well as supplemental state law claims. R. Doc. 1.  On July 18, 2016, Rodney Miller and Ronnie Miller were substituted in the place of Pamela Miller following her death. R. Doc. 34. The Plaintiffs allege that Ryan Miller, the son of Pamela Miller and Rodney Williams, committed suicide on March 23, 2015 when he was left alone in an attorney visitation booth while he was in detention at the Templeman Phase V facility within the Orleans Parish Sheriff's Office. R. Doc. 1, p. 14. Plaintiffs allege that Ryan Miller's death was avoidable and was the result of the Defendants' actions. In particular, the Plaintiffs have asserted causes of actions under 42 U.S.C. § 1983 claiming Mr. Miller was deprived of his constitutional rights and that certain defendants established policies or practices that resulted in that deprivation. R. Doc. 3, p.

31-35. The Plaintiffs also have alleged a number of state law causes of action, including negligence, wrongful death, and derogation of duties. *Id.* at 35-36. Plaintiffs seek damages suffered both by Ryan Miller as well as Pamela Miller and Rodney Williams. They also seek attorney fees. *Id.* at p. 36-37.

At this time, the Plaintiffs have filed a motion to compel discovery responses to their Requests for Production of Documents that they propounded on the Defendant Gusman and other OPSO Defendants on August 2, 2016. R. Doc. 37-2, p. 1. Plaintiffs state that they originally granted a thirty day extension on August 24, 2016. *Id.* at p. 2. Plaintiffs again reached out about the discovery request on October 3, 2016, and they agreed to another one week extension. *Id.* After that week, the Plaintiffs informed the Defendants that a motion to compel would be necessary at that time and contacted the Defendants about the still missing discovery. *Id.* At this time, the Plaintiffs have still not received discovery. As such, the Plaintiffs filed the instant motion to compel discovery responses. Moreover, the Defendants have not filed any opposition to the current motion.

## II.  Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Rule 34 allows a party to request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an

interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

### III. Analysis

For the instant motions to compel, the Plaintiffs have alleged that the Defendants have failed to properly respond to requests for production of documents. R. Doc. 36. Plaintiffs have provided the proper certification for the motion to compel under Rule 37(a). R. Doc. 36, p. 2. At this time, the Defendants have not yet responded to the discovery requests and have not opposed the instant motion to compel. As such, the Plaintiffs have properly filed a motion to compel under Federal Rule of Civil Procedure 37(a)(3)(b)(iii)-(iv). Therefore, the Court will grant the Plaintiffs motion to compel.[1]

### IV. Conclusion

**IT IS ORDERED** that the Plaintiffs' **Motion to Compel Discovery Responses (R. Doc. 36) is GRANTED.** The Defendants must provide their response to the Request for Production of Documents **no later than November 9, 2016.**

New Orleans, Louisiana, this 26th day of October 2016.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[1] Note, the Plaintiffs have not requested attorneys' fees in connection with the instant motion to compel.